UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH P. GASKIN,                                    Case No. 09-13243

        Plaintiff,                              Paul D. Borman
vs.                                                 United States District Judge

COMMISSIONER OF                                     Michael Hluchaniuk
SOCIAL SECURITY,                                    United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 14, 17)**

**I.     PROCEDURAL HISTORY**

    A.     Proceedings in this Court

On August 18, 2009, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Paul D. Borman referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability, disability insurance, and supplemental security income benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 14, 17).

B.      Administrative Proceedings

Plaintiff filed the instant claims on February 21, 2007, alleging that he became unable to work on January 11, 2002. (Dkt. 12, Tr. at 11, 43, 79-83). The claim was initially disapproved by the Commissioner on May 18, 2007. (Dkt. 12, Tr. at 50-53). Plaintiff requested a hearing and on March 26, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Mary Connolly, who considered the case *de novo*. At the hearing, plaintiff, through counsel, amended the alleged onset date of disability to February 15, 2007. (Dkt. 12, Tr. at 11).[1] In a decision dated April 23, 2009, the ALJ found that plaintiff was disabled, as of February 15, 2007, the date of application. (Dkt. 12, Tr. at 38-49). Plaintiff requested a review of this decision on June 3, 2009 with respect to the onset date only, claiming that the ALJ should have awarded benefits back to 2002. (Dkt. 12, Tr. at 4). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on July 16, 2009, denied plaintiff's request for review. (Dkt. 12, Tr. at 1-3); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

---

[1] Presumably the onset date was amended from July 2002 as set forth on the application, given that plaintiff had received an earlier decision, not part of this record, denying benefits from July 2002 through January 2006.

C.     ALJ Findings

Plaintiff was 42 years of age at the time of the most recent administrative hearing. (Dkt. 12, Tr. at 10). Plaintiff's relevant work history included approximately fifteen years as a machine tender/laborer. (Dkt. 12, Tr. at 99). In denying plaintiff's claims, defendant Commissioner considered degenerative disc disease of the lumbar spine as a possible bases of disability. (Dkt. 12, Tr. 45).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since February 15, 2007. (Dkt. 12, Tr. at 45). At step two, the ALJ found that plaintiff's impairment was "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.* At step four, the ALJ found that plaintiff could not perform his previous work as a machine tender/laborer. (Dkt. 12, Tr. at 10, 47). At step five, the ALJ determined that plaintiff had been under a disability as defined in the Social Security Act since February 15, 2007, the application date. (Dkt. 12, Tr. at 48).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED,** that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.     ANALYSIS AND CONCLUSION

### A.     Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

B. <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability

Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).  If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>The Parties' Arguments</u>

In this case, plaintiff argues a slightly different issue than that raised to the

Appeals Council. Plaintiff's request is more narrowly tailored and focuses on 42 U.S.C. § 423(b), which provides that, regardless of actual onset date, a claimant is allowed no more than 12 months of benefits preceding the date the claim was filed. Thus, plaintiff argues that the ALJ should have awarded benefits for the 12 month period prior to the date plaintiff filed the claim, rather than using the date the claim was filed as the onset date. The sole issue presented on appeal is plaintiff's claim that he is entitled to 12 months of retroactive benefits from the date of application. Meaning, this section allowed plaintiff's onset date to be February 15, 2006, not February 15, 2007. According to plaintiff, due to the ineffective assistance of previous counsel, plaintiff did not receive the benefits to which he was entitled for that 12 month period.

In response, the government argues that plaintiff failed to exhaust his administrative remedies with respect to the issue of disability before February 2007 because he did not ask the ALJ to decide this issue. Indeed, he expressly informed the ALJ that he was only alleging disability since February 15, 2007. (Tr. 11). The Commissioner acknowledges that plaintiff raised the issue with the Appeals Council, but argues that does not matter because when that body denies review it is the decision of the ALJ which is final and role of the Appeals Council is to review ALJ decisions, not to decide issues *de novo*. 20 C.F.R. § 404.970 (stating that the Appeals Council will review a case if there appears to be an abuse of discretion,

error of law, lack of substantial evidence, broad policy or procedural issue of importance to the public interest, or new and material evidence contrary to the weight of the evidence of record).  By informing the ALJ that he was not seeking a determination of disability prior to February 2007, the Commissioner argues that plaintiff essentially prevented the administrative process from working properly and therefore, failed to exhaust.  The Commissioner also argues that plaintiff should be bound by his attorney's statement and that the substantial evidence supports a conclusion that plaintiff was not disabled earlier.

D.     Analysis

In the view of the undersigned, the real issue presented is not whether plaintiff exhausted his claims, but rather, whether the ALJ's decision that plaintiff's onset date was February 15, 2007 is supported by substantial evidence. Social Security Ruling 83-20 governs the determination of disability onset date. Once a finding of disability is made, the ALJ must determine the onset date of the disability.  *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).  The ruling states, in relevant part:

> Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. These factors are often evaluated together to arrive at the onset date. However, the individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the

> medical evidence... Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e. be decided on medical grounds alone) before onset can be established.... In some cases, it may be possible, based on the medical evidence, to reasonably infer that the onset of a disabling impairment occurred sometime prior to the date of the first recorded medical examination, e.g. the date the claimant stopped working.

SSR 83-20, *1. According to SSR 83-20, "[t]he starting point in determining the date of onset of disability is the individual's statement as to when disability began." *Id*. at *2. However, the ruling states that "the medical evidence serves as the primary element in the onset determination." *Id*. at 2. Plaintiff initially alleged that his onset date was July 2002. However, this date could not be used because of the preclusive effect of the earlier decision denying benefits through January, 2006. *See Gaskin v. Comm'r of Soc. Sec.*, 2008 WL 2229848 (6th Cir. 2008). Plaintiff does not point to any medical evidence in the record suggesting that an earlier onset date is appropriate. Rather, plaintiff merely relies on the statutory language allowing retroactive benefits to be awarded for the 12 month period before the application. Plaintiff misses the point that it is still his burden to show that he was disabled during that 12 month period prior to his application and he has not suggested that any such evidence exists in the record. Here, the ALJ relied both on the medical evidence in the record and plaintiff's assertion through counsel that the amended onset date was February 15, 2007. This conclusion is supported by the

substantial evidence in the record.

While plaintiff alleges that the amended onset date was due to ineffective assistance of counsel, other than the bald statement that counsel was ineffective, plaintiff offers no support this claim. Simply, plaintiff does not indicate that new evidence or other good cause exists for the Court to remand this matter to the ALJ for further review or investigation.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED,** that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 25, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on February 25, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Vanessa Miree Mays, AUSA, Dionne E. Webster-Cox, and the Commissioner of Social Security</u>.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov